IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

N'Neka Henderson,  )
    Plaintiff,  )
  )
v.  )  No. 1:23cv693 (RDA/JFA)
  )
Riverside Regional Jail, *et al.*,  )
    Defendants.  )

MEMORANDUM OPINION and ORDER

N'Neka Henderson, a former Virginia inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that the medical personnel at the Riverside Regional Jail, Prince George County, Virginia, did not provide proper treatment for her injury to her left ear. Dkt. No. 1. On June 2, 2023, the Court screened the complaint, noted the deficiencies, and granted Plaintiff leave to file an amended complaint. Dkt. No. 3; *see* 28 U.S.C. § 1915A.[1] Plaintiff filed an amended complaint on June 9, 2023, was released from confinement on or about July 1, 2023, and provided the Court with her new address on September 25, 2023. Dkt. Nos. 7, 8, 9. On January 24, 2024, the Court found that her amended complaint failed to state a claim upon which relief could be granted because alleging "negligence or even malpractice is not enough to state an Eighth Amendment violation." Dkt. No. 14 at 5. Plaintiff was granted leave to amend her complaint and

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

she filed a second amended complaint on March 8, 2024, accompanied by medical records, that seeks monetary relief. The second amended complaint does not state a claim upon which relief could be granted and this civil action will be dismissed.

## I. Standard of Review

In reviewing a complaint pursuant to § 1915(e)(2)(B)(ii), a district court thus applies the same standard as a Rule 12(b)(6) motion. To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (citation omitted). A complaint must therefore allege facts in support of each element of each claim the plaintiff raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citations omitted). While a court must construe a *pro se* complaint liberally, a court "is not bound by the complaint's legal conclusions," conclusory allegations, or unwarranted inferences. *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009).

*A. First Amended Complaint*

The first amended complaint alleged that Plaintiff injured her left ear and sought medical care while in the jail. Defendants instructed Plaintiff to use ear drops, twice per day for ten days, to clean her left ear and told her that she would "regain hearing." Dkt. No. 7 at 4. Plaintiff admits

2

that she injured her left ear by using a pen and tissue paper to clean her ear because she states she was not given Q-tips or irrigation equipment to do so. Her hearing was not restored, and she now has a hard time hearing out of her left ear. Dkt. Nos. 1 at 1; 7 at 4.

Plaintiff, without seeking leave to amend, submitted two additional filings, which she clearly wished to be considered with her first amended complaint. One document is a "Visit Note" detailing a medical examination conducted on December 8, 2023, after her release from custody. Dkt. No. 12-1. The document states that Plaintiff suffers from both "sensorineural hearing loss" and "swimmer's ear" in her left ear. Dkt. No. 12-1 at 3. "Sensorineural hearing loss" is caused by damage to the structures in the inner ear or the auditory nerve, which often result from "loud noises, genetic factors, or the natural aging process," and is not "life threatening."[2] "Swimmer's ear is an infection in the outer ear canal, which runs from your eardrum to the outside of your head" and often results from "water that remains in your ear, creating a moist environment that aids the growth of bacteria" or from "[p]utting fingers, cotton swabs or other objects in [one's] ears . . . [and] damaging the thin layer of skin lining your ear canal."[3] Plaintiff asserted that her claim was against Riverside Regional Jail. Dkt. No. 12 at 1-2. The second document alleges that Plaintiff is asserting a "negligence" claim against Riverside Regional Jail. Dkt. No. 13 at 1.

In the January 24, 2024 order, the Court noted that despite being instructed on how to comply with Rule 8, that the first amended complaint had numerous deficiencies. First, to state a cause of action under § 1983, a plaintiff must allege facts indicating that she was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S.

---

[2] *See Healthline* (https://www.healthline.com/health/sensorineural-hearing-loss) (last viewed Apr. 8, 2024).

[3] *See* Mayo Clinic, Swimmer's Ear (https://www.mayoclinic.org/diseases-conditions/swimmers-ear/symptoms-causes/syc-20351682) (last viewed Apr. 8, 2024).

3

42, 48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010). Other than indicating Plaintiff is asserting her claim of negligence against Riverside Regional Jail ("RRJ"), the amended complaint and other submissions did not name any individual defendants with personal knowledge and involvement in the alleged inadequate medical treatment. To the extent Plaintiff named RRJ as a defendant, the Fourth Circuit has held that a regional jail is not a "person" subject to suit under § 1983 and has affirmed the dismissal of claims against a jail for that reason. *See Preval v. Reno*, 203 F.3d 821, at *1 [published in full-text format at 2000 WL 20591, at *1] (4th Cir. January 13, 2000) (per curiam) (unpublished).[4]

To the extent that Plaintiff was attempting to allege an Eighth Amendment claim for lack of medical care, the January 24, 2024 order also advised Plaintiff that she must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The order expressly stated that Plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, she must allege a sufficiently serious medical need. A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. *Young v. City of Mt. Ranier*, 238 F.3d 567, 576 (4th Cir. 2001). Second, she must allege deliberate indifference to that serious medical need.

Under the second prong, the order further expressly stated that an assertion of mere negligence or even malpractice was not enough to state an Eighth Amendment violation; instead, Plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." *Estelle*,

---

[4] The Fourth Circuit affirmed the district court opinion in *Preval v. Reno*, 57 F.Supp.2d 307 (E.D.Va.1999), which held that "the Piedmont Regional Jail is not a 'person' ... under 42 U.S.C. § 1983." *Id.* at 310 (citing *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (1992)).

429 U.S. at 106; *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of her treatment does not make out a cause of action. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). The treatment an inmate receives from a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. Importantly, the order also noted that deliberate indifference is a "higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle*, 429 U.S. at 106). Plaintiff was granted leave to amend and filed a second amended complaint on March 8, 2024.

### B. Second Amended Complaint

The second amended complaint names three defendants: (1) Charlotte Botvinis, RN-Registered Nurse/MD; (2) Dale Moreno, MD; and (3) Wellpath, Healthcare Provider. Plaintiff alleges that on February 24, 2023, while an inmate at RRJ, she injured her left ear while cleaning it with a pen and tissue paper. Dkt. No. 18 at 4. She requested to be seen by medical and was seen within one hour after her request. *Id.* at 3. She was first seen by Defendant Botvinis, who called in Defendant Moreno. *Id.* Each defendant diagnosed her with a torn tympanic membrane. *Id.* at 4. Defendants told Plaintiff her "hearing w[ould] be restored," and she was given ear drops (antibiotics) and Tylenol/Motrin/Ibuprofen for pain. *Id.* at 5; Dkt. No. 19 at 6, 9-10, 12. The RRJ medical records submitted by Plaintiff indicate that she was "educated to contact medical if new symptoms develop or current condition symptoms worsen;" "provided specific medication

education;" and noted that she "demonstrate[d] an understanding of self-care, symptoms to report, and when to return for follow-up care." Dkt. No. 19 at 7. Plaintiff was released from RRJ on July 1, 2023, and there is no allegation that she sought any further treatment while at RRJ.

Plaintiff noticed her hearing was not improving and notes from a private medical provider indicate she was seen on November 1, 2023 and December 8, 2023. Dkt. Nos. 18 at 5; 19-1 at 5. After her ears were cleaned, a hearing test administered on December 8, 2023 confirmed that she had hearing loss in her left ear. Dkt. No. 19-1 at 4. The medical records from December 8, 2023 also indicate that the injury to her left ear resulted from Plaintiff cleaning her ear when she wrapped a pen with tissue paper and used the pen to clean her ear. *Id.* at 5.

The second amended complaint states that her tympanic membrane has healed but that she has hearing loss in her left ear. Dkt. No. 18 at 5. Plaintiff alleges that because her hearing was not "restored" as Defendants Botvinis and Moreno had stated, Defendants "misdiagnosed" her, which constitutes "medical malpractice." *Id.*

*C. Analysis*

Initially, the second amended complaint does not identify any act or omission by any of the three defendants. With regard to Defendants Botvinis and Moreno, Plaintiff was treated with antibiotic ear drops and pain medication after she was diagnosed with a torn tympanic membrane. Dkt. No. 18 at 3-5. During the approximately five months after she was treated on February 23, 2023 and before her release on July 1, 2023, Plaintiff did not seek additional medical care. The records she submitted indicate that she did not seek medical care for her left ear for four to five months. Dkt. No. 19-1 at 4. To the contrary, the diagnosis given by the private medical provider

(torn tympanic membrane) is the same diagnosis given by Defendants Botvinis and Moreno. Likewise, the treatment (antibiotics and pain medication) is the same. As the Court noted in its January 24, 2024 order, the constitutional violation—deliberate indifference to a medical need—requires a "higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many *acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference*." Dkt. No. 14 at 5-6 (citing *Jackson*, 775 F.3d at 178 (citing *Estelle*, 429 U.S. at 106)) (emphasis added).[5]

Wellpath is a private corporation that provides healthcare services to inmates at RRJ during the time Plaintiff was detained at RRJ. "[A] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). The second amended complaint does not identify any policy or custom that caused any deprivation of federal rights.

To the extent that Plaintiff seeks to hold Wellpath liable for the actions of Defendants Botvinis and Moreno under a theory of respondeat superior or supervisory liability, the allegations do not support either theory.

> [I]t is firmly established that § 1983 liability cannot be predicated on a theory of respondeat superior. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable [under § 1983] for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Clark v. Md. Dep't of Pub. Safety & Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009) (unpublished per curiam) (stating that "the principles of respondeat superior have no application to § 1983 claims"); *Harbeck v. Smith*, 814 F. Supp. 2d 608, 626 (E.D. Va. 2011) (same).

*Riddick v. Watson*, 503 F. Supp. 3d 399, 422 (E.D. Va. 2020); *see also West*, 487 U.S. at 48 (a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution

---

[5] The Court made this same point in the June 2, 2023 screening order. Dkt. No. 3 at 4.

or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law). Likewise, in order to establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Indeed, in suits for damages like the instant case, "supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' . . ." *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012).

In sum, the allegations in the second amended complaint do not allege a constitutional violation, and the acts and omissions alleged do not constitute deliberate indifference on the part of either Defendant Botvinis or Defendant Moreno. Further, there is no viable theory of liability for Defendant Wellpath or the other Defendants. Accordingly, the second amended complaint does not allege a claim upon which relief could be granted and the civil action will be dismissed. 28 U.S.C. § 1915(e)(2).[6]

---

[6] Dismissal with prejudice is appropriate under the circumstances of this case.

When a district court dismisses an action pursuant to 28 U.S.C. § 1915(e)(2), and "the district court already afforded [the plaintiff] an opportunity to amend," the Fourth Circuit has explained that "the district court has the discretion to afford [the plaintiff] another opportunity to amend[,] or [it] can 'dismiss the complaint with prejudice.'" *Smith v. Forrester*, No. 4:18cv3317, 2019 WL 1027932, at *2, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. (D.S.C. Feb. 6, 2019) (quoting *Workman v. Morrison Healthcare*, 724 F. App'x 280 (4th Cir. 2018)) (recommending the dismissal of a *pro se* action under 28 U.S.C. § 1915 with prejudice after the plaintiff, despite receiving an opportunity to amend, failed to state a claim upon which relief could be granted), *adopted by* 2019 WL 1022809, 2019 U.S. Dist. LEXIS 33852 (D.S.C. Mar. 4, 2019); *see Gooden v. U.S. Navy/U.S. Marine Corps*,

Accordingly, it is hereby

**ORDERED** that this civil action be and is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is

**FURTHER ORDERED** that the motion for leave to proceed *in forma pauperis*, Dkt. No. 11, is **DISMISSED** as **MOOT**; and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g)[7], this dismissal may affect Plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the Plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order dismissing the complaint with prejudice to Plaintiff, and to close this civil action.

Entered this 20 day of June, 2024.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

791 F. App'x 411, 411 (4th Cir. 2020) (affirming the district court's dismissal of a *pro se* action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)).

*United States ex rel. Angel v. Scott*, __ F.Supp.3d __, No. 2:23cv37, 2023 WL 6567688, *8 (E.D. Va. 2023).

[7] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.